**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2633-17T4

DITECH FINANCIAL, LLC,

     Plaintiff-Respondent,

v.

ELENA EVGLEVSKAYA, JP
MORGAN CHASE BANK, N.A.,
AMERICAN EXPRESS BANK, FSB,
UNION FEDERAL MORTGAGE
CORPORATION, KEY EQUIPMENT
FINANCE, ASSIGNEE OF BANK
OF THE WEST, BMW FINANCIAL
SERVICES,

     Defendants,

and

VIATCHESLAV STREKALOV,

     Defendant-Appellant.

_____

Submitted April 1, 2019 – Decided July 16, 2019

Before Judges Sumners and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. F-002809-15.

Viatcheslav Strekalov, appellant pro se.

Phelan Hallinan Diamond & Jones PC, attorneys for respondent Ditech Financial, LLC (Sonya Gidumal Chazin, on the brief).

Winston & Strawn, LLP, attorneys for respondents Bank of America, N.A. and Federal National Mortgage Association (Jason R. Lipkin, on the brief).

PER CURIAM

Defendant Viatcheslav Strekalov appeals from a January 30, 2018 Final Judgment of Foreclosure (Final Judgment) in favor of plaintiff Ditech Financial, LLC f/k/a Green Tree Servicing (Ditech). We affirm.

I

On December 31, 2004, defendant and Elena Evglevskaya (collectively defendants) executed a mortgage on 11 Shoshone Trail in Wayne (the property) to secure a thirty-year $330,000 loan from Coastal Capital Corp d/b/a the Mortgage Shop to Evglevskaya. A promissory note executed that same day by Evglevskaya, as the sole borrower, evidenced the loan.

In June 2013, Bank of America, N.A., (BANA) which had been assigned the mortgage a year earlier, assigned the mortgage to Green Tree.

In January 2015, Green Tree filed a foreclosure action because Evglevskaya had defaulted on the loan. About seven months later, Green Tree changed its name to Ditech Financial, LLC following its merger with Ditech Mortgage Corp. and DT Holdings, LLC.

After extensive discovery, Ditech filed a motion for summary judgment and to amend the complaint to substitute its name for Green Tree as plaintiff. Defendants filed a motion to dismiss as well as a cross-motion for summary judgment. On February 21, 2017, Ditech's motion was granted with defendants' answer being stricken and default entered against them based upon the oral decision set forth by the trial court.

On March 30, Ditech forwarded defendants a copy of notice pursuant to the Fair Foreclosure Act, N.J.S.A. 2A:50-58(a). On November 22, Ditech filed a notice of motion for entry of judgment of foreclosure, which included supporting documents proving the amount due on the mortgage.

A final judgment order was entered on January 30, 2018, which provided that Ditech was entitled to the sum of $546,532.79. The order required the mortgaged premises be sold to satisfy the amount due.

While the foreclosure action was pending, defendant brought a third-party action against BANA and Federal National Mortgage Association (Fannie Mae).

 A-2633-17T4

That action was dismissed by the trial court's June 8, 2016 order, which was affirmed by our unpublished opinion on January 11, 2019.[1] Strekalov v. Bank of Am., N.A., No. A-4360-16 (App. Div. Jan. 11, 2019).

## II

Before us, defendant appeals the final judgment of foreclosure arguing:

> POINT I
>
> PROVISION OF FALSE INFORMATION ABOUT THE ORIGIN OF THE DISPUTED LOAN AND GENERAL INFORMATION UPON THE OPENING OF THE CASE.
>
> POINT II
>
> [ILLEGAL] USE OF THE TESTIMONY OF THE WITNESS WHO DOES NOT HAVE THE AUTHORITY TO REPRESENT THE INTERESTS OF THE DEFENDANT, FANNIE MAE.
>
> POINT III
>
> IGNORING BY THE COURT THE PREVIOUS VERDICTS, REACHED AND ADOPTED BY THE TRIAL COURT AS WELL AS THE ARGUMENTS OF PLAINTIFF AND DOCUMENTS PRESENTED TO HIM.

---

[1] This appeal does not address issues raised in the third-party action and only involves the January 30, 2018 final judgment of foreclosure. Thus, while BANA and Fannie Mae were parties to the third-party action, they are not proper parties to this appeal and the arguments raised in their briefs will not be discussed. A petition of certification was not filed in regards to our January 11, 2019 decision.

4

POINT IV

ABSENCE OF ANY REGISTERED PROTEST ON BEHALF OF ANY OF DEFENDANTS, CHALLENGING THE FACT OF ILLEGAL TRANSFER OF RIGHTS TO THE LOAN FROM BANK OF AMERICA TO THE GREEN TREE COMPANY.

POINT V

BECAUSE PLAINTIFF WAS A TRESPASSER ON DEFENDANTS' PROPERTY, THIS COURT OF APPEAL CAN ADOPT THE "MISTAKEN TRESPASSER" DOCTRINE, SO THAT DEFENDANTS SHALL BE COMPENSATED FOR THEIR LOSSES.

We begin by noting that defendant's brief is woefully non-compliant with our court rules. Defendant failed to provide a copy of the January 30, 2018 final judgment, which he is appealing. R. 2:6-1(a)(2)(A). Defendant failed to include a "table of citation of cases, alphabetically arranged, of statutes and rules and of other authorities." R. 2:6-1(a)(3). Defendant raises several issues without the support of facts or evidence provided in the appendix. R. 2:6-2(a)(5); see Cherry Hill Dodge, Inc. v. Chrysler Credit Corp., 194 N.J. Super. 282, 283 (App. Div. 1984). Lastly, he failed to make any coherent arguments to establish that the January 30 final judgment is not supported by the record and case law. See R. 2:9-9.

Despite the fact that defendant's non-compliant appeals brief makes it difficult to conduct a meaningful appellate review of the final judgment of foreclosure, see Rule 2:6-9, from what we can glean from his arguments, we conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Defendant's primary arguments center on his claim that Ditech lacked standing to foreclose. He claims the mortgage is fraudulent and was illegally assigned to Ditech. While it is true that a Vitaly Bushteyn took out a fraudulent mortgage on behalf of defendants in 1997, the trial court determined that defendants were not responsible for the repayment of that mortgage. In its February 21, 2017 oral decision, the trial court noted that public records show that the "fraudulent" mortgage was discharged on February 18, 2005. As for the note defaulted by Evglevskaya, it was secured by the Coastal Capital mortgage, a separate transaction executed on December 31, 2004, by defendants as joint tenants. The mortgage had nothing to do with the Bushteyn fraudulent mortgage.

As explained in its February 21, 2017 oral decision, the trial court noted it was satisfied from its review of the unchallenged certifications by Ditech and Fannie Mae's employees with personal knowledge of the assertions made

therein, that Ditech demonstrated possessive standing through its assignments – Coastal Capital to BANA to Green Tree to Ditech – and possession of the note and mortgage to foreclose on the mortgage. See R. 1:6-6; Wells Fargo Bank v. Ford, 418 N.J. Super. 592, 600 (App. Div. 2011). Since there were no material issues with the "validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises," Ditech was entitled to enforce its rights and pursue a foreclosure action. Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993). Hence, we are convinced the trial court properly determined Ditech had standing and entered a final judgment of foreclosure regarding the mortgage that was initiated with Coastal Capital. See In re Trust Created by Agreement Dated December 20, 1961, 194 N.J. 276, 284 (2008) ("'[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]'") (quoting Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974)).

Finally, because defendant argues for the first time on appeal that Ditech is a "mistaken trespasser," we would normally not consider this contention. Zaman v. Felton, 219 N.J. 199, 226-27 (2014). Nonetheless, based upon our

conclusion that Ditech had standing to foreclose on the property, defendant's argument is meritless.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2633-17T4